IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERIOUS J. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 04-1439-KAJ |
| C/O GEORGE COVENTRY, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Derious J. Johnson ("Johnson") brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on November 19, 2004, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4). I will now proceed to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.   **THE COMPLAINT**

Johnson moves the court to correct the spelling of the defendant's last name from Conventry to Coventry. (D.I. 6).  He also moves the Court to amend the complaint to add additional allegations against Coventry. (D.I. 7).  "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  To date, the defendant has not yet been served.  The motions are GRANTED.

Johnson alleges that on November 3, 2004, while standing in line for breakfast, the defendant, C/O George Coventry ("Coventry") told him he "should be worried about that 12 year old girl" he raped, and "you boys betting ya ass, child malester [sic]". (D.I.

2, p. 3). Johnson ask that he be released from punitive segregation. He also asks that he be awarded compensatory and punitive damages for the slander, verbal abuse and mental emotional injury he sustained as a result of his criminal case being used by Coventry.

Johnson further alleges that on December 22, 2005, while collecting food trays, Coventry "forcefully pushed one of the food trays" inside Johnson's cell, causing the tray to strike Johnson's leg. During that time Johnson and Coventry had an exchange of words regarding this pending lawsuit. Johnson also alleges he sought medical attention for his bruised leg.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.  ANALYSIS

### A.  Slander and Verbal Abuse

Johnson seeks recovery for the "mental emotional injury" resulting from Coventry's alleged slander and verbal abuse. However, slander and verbal abuse do not rise to the level of a constitutional violation. *See Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D.Pa. 1993); *see also McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

The Court also notes that Johnson seeks recovery for "mental emotional injury". Section 1997e(e) of the Prison Litigation Reform Act prohibits compensatory damages for mental or emotional injury absent allegations of physical injury. 42 U.S.C. § 1997e(e); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). While Johnson alleges his leg was bruised, that is not, it appears, connected with the allegations of emotional injury, and, in any event, the alleged injury is *de minimis*. Accordingly, I am dismissing the complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Excessive Force

Johnson amended his complaint to allege that Coventry "forcefully" pushed a food tray inside his cell, striking him on the leg, causing bruising. Johnson, however, does not state a cognizable claim under the Eighth Amendment for excessive force.

To set forth a valid claim for the use of excessive force under the Eighth Amendment, a plaintiff must demonstrate that "officials applied force maliciously and sadistically for the very purpose of causing harm, or...that officials used force with a knowing willingness that [harm] occur. *Farmer v. Brennan,* 511 U.S. 825, 835-36(1994) (internal quotation marks and citations omitted). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Johnson v. Glick*, 481 F.2d 1028,1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). More so, "the Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.'" *Hudson v. McMillan,* 503 U.S. at 9 (citations omitted). Conduct which has been held to be *de minimis* includes a guard shoving an inmate into bars, causing severe bruising to the inmate's arms and back, *see Longendorfer v. Roth*, No. Civ.A. 04-0228, 2004 WL 963881, at *2 (E.D.Pa. May 03, 2004); a prison guard slamming an inmate into a wall for no reason, *see Acosta v. McGrady,* No. 96-2874, 1999 WL 158471, at *8-9 (E.D.Pa. Mar. 22, 1999); a prison guard punching an inmate in the face and tackling him, *see Smith v. Hulick,* No. 97-801, 1998 WL 84019, at *3-4 (E.D.Pa. Feb.25, 1998); a prison guard slamming a cell door

4

into an inmate's chest, see *Colon v. Wert*, 1997 WL 137172, at *2 (E.D.Pa. Mar. 21, 1997); and a prison guard pulling a chair out from under inmate, causing him to fall and suffer bruises and loose teeth. See *Barber v. Grow*, 929 F.Supp. 820, 822-23 (E.D.Pa. 1996).

When comparing Johnson's allegations with the relevant law, it is obvious that the physical contact as alleged was constitutionally *de minimis* and thus does not give rise to an Eighth Amendment violation. Accordingly, I am dismissing the excessive force pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### IV.    Appointment of Counsel

Johnson also seeks appointment of counsel. (D.I. 7). As a *pro se* litigant proceeding *in forma pauperis*, Johnson has no constitutional or statutory right to appointed counsel. See *Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to appoint Johnson an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); accord *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

As discussed above, I determined that Johnson does not have a meritorious case, and it is being dismissed as frivolous. His motion for appointment of counsel, therefore, is DENIED.

## V.    Temporary Restraining Order

Johnson also seeks a temporary restraining order to preclude Coventry from harassing him. (D.I. 7). When considering a motion for a temporary restraining order or preliminary injunction, a plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997).

Johnson has not demonstrated the likelihood of success on the merits. In fact, his case is being dismissed and for failure to state a claim. Therefore, the motion for a temporary restraining order is DENIED.

## VI.    CONCLUSION

At Wilmington this 25th day of January, 2006, for the reasons set forth above IT IS ORDERED that:

1. The motions to amend the complaint (D.I. 6, 7) are GRANTED.
2. The motion for appointment of counsel (D.I. 7) is DENIED.
3. The motion for a temporary restraining order (D.I. 7) is DENIED.
4. Derious J. Johnson's complaint is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

UNITED STATES DISTRICT JUDGE